# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **GRACE WAMMACK,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**PRINCESS PEDICURE SPAS, INC.,** a North Carolina corporation,<br><br>*Defendant.* | Case No. 1:20-cv-45<br><br>Hon.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Grace Wammack ("Wammack" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant Princess Pedicure Spas, Inc. ("Princess" or "Defendant") to stop Princess's repeated violations of the Telephone Consumer Protection Act, namely its systemic transmittal of unsolicited, autodialed text messages to cell phone owners, including to consumers who have registered their phone numbers on the national Do Not Call registry ("DNC"), and to otherwise obtain injunctive and monetary relief for all persons injured by Princess's conduct. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## INTRODUCTION

1.  Princess is a wholesale distributor of consumables and equipment to the beauty industry selling items such as nail polish and salon equipment.[1]

---

[1] https://www.linkedin.com/company/princess-nail-supply/about/

2. Princess operates using the d/b/a Princess Nail Supply:

## PRIVACY POLICY

This Privacy Policy governs the manner in which Princess Pedicure Spas, Inc. DBA Princess Nail Supply collects, uses, maintains and discloses information collected from users (each, a "User") of the www.princessnailsupply.com website ("Site"). This privacy policy applies to the Site and all products and services offered by Princess Pedicure Spas, Inc. DBA Princess Nail Supply.[2]

3. Part of Princess's marketing plan includes sending text messages *en masse* to consumers regarding promotions that direct consumers to purchase nail polish and other beauty products.

4. Such text messages are sent using an autodialer—equipment with the capacity to store and generate numbers and dial them without human intervention—without first obtaining prior express written consent as required.

5. To make matters worse, consumers have received multiple text messages, even consumers who have registered their phone numbers on the DNC.

6. In Plaintiff's case, she received at least 2 autodialed text messages to her cellular phone from Defendant directing her to purchase items from Defendant by phone or through PrincessNailSupply.com.

7. The text messages sent to Plaintiff are clearly for commercial purposes and disclose the availability of Defendant's nail supply goods and services.

8. In response to these text messages, Plaintiff files this class action lawsuit seeking injunctive relief requiring Princess to cease sending unsolicited, autodialed text messages to consumers' cellular telephone numbers and to other phone numbers registered on the DNC, as

---

[2] https://www.princessnailsupply.com/privacy-policy/

well as an award of statutory damages to the members of the Classes to be paid into a common fun, together with pre- and post-judgment interest.

## PARTIES

9. Plaintiff Wammack is a resident of Grand Rapids, Michigan.

10. Defendant Princess is a North Carolina corporation with its head office located in Morrisville. Princess does business throughout this District and throughout the United States.

## JURISDICTION AND VENUE

11. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

12. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Plaintiff resides in this District, and because the wrongful conduct giving rise to this case was directed to this District.

## COMMON ALLEGATIONS

### Princess Sends Unsolicited Text Messages Using an Autodialer

13. In sending the unsolicited text messages at issue, Defendant, or a third party acting on its behalf, used an automatic telephone dialing system; hardware and/or software with the capacity to store or produce cellular telephone number to be called, using a random or sequential number generator.  This is evident from the circumstances surrounding the text messages, including the text messages' commercial and generic content and the fact that multiple texts were sent to Plaintiff, which is consistent with the use of an automatic telephone dialing system to send text messages.

14. Defendant Princess sent multiple unsolicited text messages to consumer phone numbers, regardless of whether they were registered on the DNC.

**Plaintiff Received Unsolicited Autodialed Text Messages to Her Cell Phone Despite Being on the DNC List**

15. Plaintiff Wammack's cell phone number was registered on the DNC on April 5, 2013.

16. Her cell phone number is not associated with a business and is for personal use.

17. On June 11, 2019 at 6:05 PM, Wammack received an autodialed text message from Defendant using phone number 919-589-1759:



18.     The text message shown above directs the recipient to call Sam Nguyen at 919-589-1759. When 919-589-1759 is called, it is directed to Sam Nguyen, a Princess employee.

19.     On July 26, 2019 at 5:49 PM, Wammack received a second autodialed text message from Defendant, this time from phone number 919-446-5486:



20.     The above text message shows that it was sent from, or on behalf of Princess:



21. Plaintiff has never had a relationship with Princess and has never provided Princess with express written consent to contact her.

22. The unauthorized text messages sent by Princess, as alleged herein, have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed Wammack's use and enjoyment of her cellular phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

23. Seeking redress for these injuries, Wammack, on behalf of herself and two Classes of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited autodialed text messages to cellular telephones, including solicitation text messages to a phone number protected by the DNC.

## CLASS ALLEGATIONS

### Class Treatment Is Appropriate for Plaintiff's TCPA Claims

24. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and all others similarly situated and seeks certification of the following two Classes:

> **Autodialed No Consent Class:** All persons in the United States who from four years prior to the filing of this action through the date notice is sent to the Class (1) Defendant (or an agent acting on behalf of Defendant) text messaged, (2) on the person's cellular telephone number, (3) using the same text messaging platform that was used to send text messages to Plaintiff, (4) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it supposedly obtained prior express consent to text message Plaintiff.
>
> **Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action through the date notice is sent to the Class (1) Defendant (or an agent acting on behalf of Defendant) texted more than one time; (2) within any 12-month period (3) where the person's telephone number had been listed on the DNC for at least thirty days; (4) for a substantially similar reason that Defendant texted Plaintiff; and (5) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it supposedly obtained prior express consent to text message Plaintiff.

25. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

26. Plaintiff anticipates the need to amend the Class definition following appropriate discovery regarding the type of equipment used, the purpose of the text messages, and other appropriate discovery.

27. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

28. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

   (a) whether Defendant used an automatic telephone dialing system to send text messages to Plaintiff and the members of the Autodialed No Consent Class;

   (b) whether Defendant sent multiple unsolicited text messages to phone numbers registered on the DNC;

   (c) whether Defendant's conduct violated the TCPA; and

   (d) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

29.     **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and they have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to the Classes.

30.     **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes as respective wholes, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes, not on facts or law applicable only to Plaintiff.

31.     Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

<u>**FIRST CAUSE OF ACTION**</u>
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Autodial No Consent Class)**

32.     Plaintiff repeats and realleges paragraphs 1 through 31 of this Complaint and incorporates them by reference.

33. Defendant and/or its agents sent unwanted solicitation text messages to cellular telephone numbers belonging to Plaintiff and the other members of the Autodialed No Consent Class using an autodialer.

34. These solicitation text messages were sent *en masse* without the consent of the Plaintiff and the other members of the Autodialed No Consent Class to receive such solicitation text messages.

35. The equipment used to send the text messages had the present capacity to transmit text messages en masse and did not function similar to a simple cellphone.

36. The text messages were sent without human intervention.

37. Defendant's conduct was wilful or knowing. Defendant knew or should've known that its text messages violated the TCPA.

38. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Autodialed No Consent Class are each entitled to between $500 and $1,500 for each and every text message.

**SECOND CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

39. Plaintiff repeats and realleges the paragraphs 1 through 38 of this Complaint and incorporates them by reference.

40. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

41. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) is "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[3]

42. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

43. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, repeated telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

44. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one phone call/text message in a 12-month period by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and are entitled to $500 per violation.

45. Defendant's conduct was wilful or knowing. Defendant knew or should've known that its text messages violated the TCPA.

**PRAYER FOR RELIEF**

---

[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

**WHEREFORE**, Plaintiff Wammack, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying the Classes as defined above, and appointing Plaintiff as the representative of the Classes and her attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs to be paid into a common fund for the benefit of the class members;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited texting activity, and to otherwise protect the interests of the Classes;

e) An award of reasonable attorneys fees to be paid from the common fund described above; and

f) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Wammack requests a jury trial.

Respectfully Submitted,

**GRACE WAMMACK**, individually and on behalf of those similarly situated individuals

Dated: January 18, 2020

/s/ Theodore J. Westbrook
Theodore J. Westbrook (P70834)
**Westbrook Law PLLC**
Attorney for Plaintiff
6140 28th St. SE, Suite 115
Grand Rapids, MI 49546
(616) 288-9548
ted@westbrook-law.net

Steven L. Woodrow (CO Bar No. 43140)
**Woodrow & Peluso, LLC**

Attorneys for Plaintiff
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
(720) 213-0675
swoodrow@woodrowpeluso.com


Stefan Coleman (FL Bar No. 30188)*
**Law Offices Of Stefan Coleman, P.A.**
Attorneys for Plaintiff
201 S. Biscayne Blvd, 28th Floor
Miami, FL 33131
(877) 333-9427
law@stefancoleman.com


*Pro Hac Vice motion forthcoming*